**BOWLES, Price Adm'r, v. EGBERT.**

**Civil Action No. 3841.**

District Court, E. D. New York.

June 27, 1944.

John D. Masterton, Chief Enforcement Atty. O.P.A., N. Y. Dist., of Newark, N. J., for plaintiff.

George L. Egbert appearing in person, and by Herman Methfessel, of St. George, S. I., N. Y.

BYERS, District Judge.

The purpose of this action, as gathered from the complaint and affidavits, is to secure an injunction against the defendant to prevent him from continuing to operate his business otherwise than in conformity with the regulations issued by the office of the plaintiff as to: (a) a base period statement, (b) a statement showing the maximum prices for certain commodities sold at retail by the defendant, and (c) selling such articles except as marked as prescribed by said regulations, and posting a list of such prices.

The complaint is one of a number in stereotype form, with affidavits attached.

Particular attention should be called to that of one Herschman, an investigator employed by the plaintiff, who says that on May 8, 1944, he visited the defendant's premises and was advised that the defendant did not have available and had not prepared any current pricing record, whereby it was impossible for the investigator to determine "whether defendant was charging higher prices for the same or similar articles of work clothing which he may have sold in March 1942, or whether the articles he was then selling and offering for sale was (sic), in fact, the same or similar to items sold or offered for sale in March 1942. Under the circumstances, I was un-

able to make any report with respect to whether defendant was violating the provisions of General Maximum Price Regulation by selling or offering to sell articles of staple work clothing at prices in excess of maximum prices determined pursuant to the provisions of General Maximum Price Regulation."

Thus it appears that the plaintiff asserts, not that the defendant is violating ceiling prices, but that, in the absence of the statements and reports referred to, the plaintiff cannot determine whether he is or not.

The defendant filed an affidavit, verified on June 2, 1944, to which is attached a "Base Period Statement 1942" and another statement entitled "Base Period Statement Mch 1944". The affidavit asserts that the latter is a statement of prices charged in 1944, and an examination thereof indicates that the defendant has made a serious and earnest attempt to cooperate with the plaintiff by furnishing the desired data.

The regulations of course should be obeyed and are necessary to enable the plaintiff to discharge the difficult policing duties pertaining to his office; while the statements as filed are not precisely in the form specified by the regulations, it seems that the effort made by the defendant to comply with the regulations should be a sufficient answer to the suggestion that an injunction is necessary in this case, particularly in view of the recital above quoted from the affidavit of the investigator, to the effect that he is unable to state that the defendant is violating the law in the matter of the prices which he charges.

Under these circumstances, the plaintiff's motion for a temporary injunction will be denied.

Settle order.